PATRICK McGLADE, PLANTIFF IN ERROR, v. JAMES McCORMICK, DEFENDANT IN ERROR.

1. In an action of tort founded on a fraudulent warranty of soundness of a horse, the defendant's *scienter* must be proved, or there must be a nonsuit.

2. In such case, after a nonsuit on ground stated, if the vendee sue in contract on the same sale and is defeated, he cannot, on error, reverse the former judgment; the second judgment, being final, is conclusive of his rights inherent in the contract.

In error to the Supreme Court.

For the plaintiff in error, *Howard Carrow.*

For the defendant in error, *Frederick A. Rex.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This writ brings up for review the proceedings at the trial, resulting in a nonsuit, of an action commenced in the Supreme Court. The record shows that the suit was in tort and that plaintiff's damage was the result of a fraudulent warranty of soundness in the sale of a horse by the defendant to him. At the Circuit, when the plaintiff had rested his case, a motion was made in behalf of the defence that he be called on the ground that there was an entire failure of evidence to show a *scienter* in the defendant, and which was a fact essential to the cause of action as laid in that proceeding. The motion prevailing, a bill of exceptions was taken and sealed, and in this way the case is now upon the record before us for our decision.

After a careful examination of the testimony as it stood before the trial judge at the time the plaintiff rested, it is the opinion of this court that the motion to nonsuit was rightly granted. Several witnesses had testified to a contract of warranty of the soundness of the horse sold, but none had asserted that he had either said or done anything evincive of his knowledge that the stipulations or statements embodied in his agreement were untrue. Nor were there any facts in proof from which it could be rationally inferred that such knowledge had

existed. Any verdict resting on so flimsy a ground would have been untenable; it would have been summarily set aside on motion.

The judgment of nonsuit on this account should be affirmed.

It also seems to me that there is, likewise, another insuperable obstacle to a successful prosecution of this writ of error.

The defendant in error has interfered by way of special plea, setting up certain facts which would seem to debar the plaintiff from attempting to reverse the judgment of nonsuit above referred to. The circumstances thus pleaded are that, after the entry of such judgment, the plaintiff brought his action against the defendant in the Supreme Court, founded on the same warranty already stated, the only difference between the first and second suits being that the first was in tort and the second one was in contract. The plea further shows that, in the last action, there was a verdict and judgment in favor of the defendant. There is no replication or other denial of the facts thus pleaded, the consequence being that they are to be taken as true.

In my opinion, this second suit, carried to a judgment, must unavoidably be considered a waiver of all right to prosecute the anterior suit in any form whatever. The existence of the contract and its breach, which has been definitively determined in the second action, constitutes an indispensable part of the first, and consequently cannot be again tried. The judgment in the last procedure is a finality with respect to the inability of the plaintiff to maintain a successful action on the warranty in question, and this being so the production of such a result by the plaintiff must in law operate as a waiver of all right to reverse, by writ of error, the judgment of nonsuit in question, when its reversal would be absolutely fruitless.

Let a judgment of affirmance be entered.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH. 12.

*For reversal*—None.