Meyers *v.* Schumann.

CHRISTINE MEYERS, appellant,

*v.*

KATE SCHUMANN, respondent.

1. On December 30th, 1887, George Meyers procured from the Equitable Life Assurance Society, a policy insuring his life for $2,000, and payable at his death to his executors, administrators or assigns.   On May 18th, 1888, he assigned his interest in the policy to Mrs. Schumann, who had no insurable interest in his life, and delivered the assignment and policy to her, she assuming payment of subsequent premiums.   On November 10th, 1894, he assigned his interest in the policy to Christine Meyers, and died November 25th, 1894. Mrs. Meyers afterwards filed a bill against Mrs. Schumann, who held possession of the policy, and the Equitable Life Assurance Society.   Upon an order in the cause (*31 Atl. Rep. 460*) the society paid into court the $2,000, and the cause proceeded to final hearing upon the respective claims of Mrs. Meyers and Mrs. Schumann, as if they had been ordered to interplead.   It was contended that the policy, when assigned to Mrs. Schumann, who had no insurable interest in Meyers' life, became a wagering contract and void.—*Held*, that it was unnecessary to determine the important questions thus presented, for, if the contention is tenable, it would only afford a defence to the Equitable Society, and as that society, by paying the money into court, has recognized its contract as enforceable, the defence has been waived.

2. The doctrine enunciated by the supreme court, in *Trenton Mutual Life Insurance Co.* v. *Johnson, 4 Zab. 576*, and *Vivar* v. *Supreme Lodge. 23 Vr. 455*, has never been considered or pronounced upon by this court.

On appeal from a decree advised by Vice-Chancellor Pitney.

*Mr. John J. Crandall,* for appellant.

*Mr. Clarence L. Cole,* for respondent.

The opinion of the court was delivered by

MAGIE, J.

The contest at the final hearing in the court of chancery was between Christine Meyers, the appellant, who was the complainant below, and Kate Schumann, the respondent, who was one of the defendants below. The dispute related to the right of the respective parties to the sum of $2,000, which was claimed by each and which had been paid into court, in pursuance of leave granted by an order in the cause, by the Equitable Life Assurance Society of the United States, which was the other defendant below. The society paid that sum as the amount due upon a policy of insurance issued by it upon the life of George Meyers, who died November 25th, 1894. The order permitted the payment into court for the purpose of having the rights of the two claimants there litigated and determined.

Some preliminary questions had been raised in the court of chancery respecting the jurisdiction of that court over the case made by the bill, and respecting the proper practice in paying money into court under such circumstances. They were disposed of upon the opinion of Vice-Chancellor Green, which is reported in *31 Atl. Rep. 460.* There was no appeal from the orders made therein, and those questions have not been presented or considered on this appeal. After the payment of the money into court, the cause proceeded between Mrs. Meyers and Mrs. Schumann as if they had been ordered to interplead and litigate their respective claims. It was brought to hearing and decided upon that issue, and this appeal must be treated as requiring a review of that decision only.

The claim of Mrs. Meyers, as shown by her bill, was by virtue of an assignment in writing to her of the said policy of

life insurance, which assignment was made by George Meyers and dated November 10th, 1894, the policy being payable to his executors, administrators or assigns. The policy itself was not delivered to her, being then in the possession of Mrs. Schumann.

The claim of Mrs. Schumann, as shown by her answer, rested upon an assignment in writing to her of the same policy, made by George Meyers and dated May 18th, 1888, accompanied with delivery of the policy to her.

The cause was brought to final hearing before Vice-Chancellor Pitney, who advised a decree dismissing Mrs. Meyers' bill with costs, and directing the money in court to be paid to Mrs. Schumann. Mrs. Meyers' appeal questions the propriety of that decree.

Upon the trial it appeared that Mrs. Schumann had no such relations with George Meyers as would give her what is called an insurable interest in his life. By her testimony it appeared that Meyers had paid the first premium at the issuing of the policy and had then assigned and delivered it to her as a gift, she agreeing to pay premiums subsequently falling due. This testimony was not contradicted. She also testified that, although Meyers had sometimes paid subsequent premiums, yet that such payments had been made to accommodate her and she had always repaid him such advances. There was evidence tending to cast doubt on the question whether such advances had all been repaid.

Upon these facts it was contended below, and has been contended here, that, as Mrs. Schumann had no insurable interest in the life of George Meyers, an assignment to her of a life insurance policy on his life, the subsequent premiums on which she was to pay, introduced an illegal element into the transaction, and that she could not enforce the contract of insurance on his life, because it became in her hands a wagering contract and was void, either because of the prohibitions of our laws or because against public policy.

The learned vice-chancellor thus dealt with the contention : In the first place he deemed himself bound by the decisions of the supreme court in *Trenton Mutual Life Insurance Co.* v. *Johnson, 4 Zab. 576,* and in *Vivar* v. *Supreme Lodge &c., 23 Vr. 455,*

Meyers v. Schumann.

to hold that, in this state, a policy of insurance taken out by one upon the life of another, in whose life the policyholder has no insurable interest, will not be void either as prohibited by our laws or as opposed to public policy.   In the second place, he held that a policy taken out by one upon his own life and payable to his representatives or assigns was not a wagering contract, and, as I understand it, could not become so by an assignment to one having no insurable interest in the life, although the latter assumed the payment of future assessments.   Lastly, he held that such an objection to the contract could only be made by the Equitable Assurance Society, the insurer, and that, as it had recognized the contract as valid and paid the money into court, the objection had been waived and could not be interposed by Mrs. Meyers.

We think the conclusion of the vice-chancellor is amply supported upon the ground last stated.   If it be conceded that an illegal element entered into this transaction, it is obvious that the fact furnished a defence to the party upon whom the contract was sought to be enforced.   When that party submitted to the obligation of the contract and paid the money into court, the defence was effectually waived.   The contract was purged of any such illegality and its proceeds could be contested for by these parties without reference to the contract.

It is therefore unnecessary to consider the first two grounds on which the vice-chancellor placed his conclusion.   The questions dealt with and decided in the two cases in the supreme court referred to by him, have never before been presented to this court.   They are of the highest importance and ought not to be passed upon unless it is necessary to do so.

The assignment of the policy to Mrs. Schumann was found below to have been a complete gift from Meyers to her.   In that conclusion we concur, and it results that it passed to her the right to the money in court paid upon that policy.   Meyers' subsequent assignment to Mrs. Meyers passed to her no interest in the policy or its proceeds, for after the gift to Mrs. Schumann he had no interest in it to convey.

The decree must be affirmed.

*For affirmance*—The Chief-Justice, Depue, Dixon, Garrison, Gummere, Lippincott, Ludlow, Magie, Van Syckel, Barkalow, Bogart, Nixon—12.

*For reversal*—None.