## JACOB G. BECKER v. THOMAS ATCHASON.

Submitted June 25, 1903—Decided November 9, 1903.

1. In an action for breach of an express contract of warranty on the sale of a chattel, *scienter* in the defendant need not be proven.
2. The case of *McGlade* v. *McCormick*, 28 *Vroom* 430, distinguished.

On appeal from the District Court of the city of Orange.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *William A. Lord.*

For the defendant, *Corra N. Williams.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was instituted in the District Court of the city of Orange, where a verdict was rendered for the plaintiff, whereupon the defendant appealed to this court.

Questions of law only are here reviewable.

The state of the case shows that the declaration alleges a breach of warranty of soundness in the sale of a horse by defendant to plaintiff.

The declaration is not printed in the case.

The first alleged error in law is the refusal of the trial court to nonsuit the plaintiff, because he did not prove that the defendant knew of the unsoundness of the horse when he made the alleged warranty.

It is safe to assert that no case can be found in this country or in England where the declaration counts upon the breach of an absolute contract of warranty of that character in which it has been held that the plaintiff must prove the *scienter*.

The cases relied on by the defendant are *Searing* v. *Lum,* 2 *South.* 683; *Allen* v. *Wanamaker,* 2 *Vroom* 370; *Cowley* v. *Smyth,* 17 *Id.* 380.

In all these cases the declaration expressly alleged deceit and charged the vendor with fraud, and it was properly held that the plaintiff must establish his cause of action as laid in his pleading.

The later case of *McGlade* v. *McCormick*, 28 *Vroom* 430, was not cited on the argument.

In the opinion of the Court of Errors and Appeals, delivered by the late Chief Justice Beasley, it is stated that the record shows that the suit was in tort and that plaintiff's damages was the result of a fraudulent warranty in the sale of a horse by defendant to him.

The opinion holds that, for failure to prove a *scienter* in the defendant, the trial court properly granted a nonsuit.

By reference to the printed book in the case, found in volume 196 of cases in the Court of Errors and Appeals, it appears that the declaration set forth that the defendant, knowing said horse to be unsound, did falsely and fraudulently warrant the horse to be sound and thereby falsely and fraudulently deceived the plaintiff.

The action being in tort, founded on alleged deceit, it was incumbent on the plaintiff to sustain his action to prove the fraud.

In the case under review the action is founded upon the alleged breach of an express contract of warranty, and therefore the plaintiff's case and his right to recover was established by proving:

*First.* The contract of warranty.

*Second.* The breach of it.

*Third.* The resulting damages.

It was not necessary to prove a *scienter* and there was no error in the refusal to nonsuit.

The defendant also claims that, by reason of a writing signed by the plaintiff, the property of the horse remained in the defendant until plaintiff paid the full purchase-price and that an action for breach of warranty is not the proper remedy.

The state of the case shows that, upon the cross-examination of the plaintiff before he rested his case, the defendant's

counsel handed the plaintiff a writing and asked him if his signature to it was genuine, to which he replied that it was.

The defendant's counsel then asked the plaintiff to read it, to which request the plaintiff's counsel replied that it was not the proper time to do so.

The plaintiff read the paper, but it was not offered in evidence by the defendant's counsel either then or afterwards.

The writing, therefore, is not in the case, but if it was, it was in the nature of a mortgage to secure payment of the balance due the defendant for the horse and did not affect the plaintiff's right to maintain his action for breach of the warranty.

The judgment below is affirmed, with costs.